```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


JEAN GONZALEZ,
        Plaintiff,

     v.                              CASE NO. 3:14-cv-1250(AWT)

ANDREW IWEKA, ET AL.,
        Defendants.
```

## RULING AND ORDER

The plaintiff is currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut ("Corrigan"). He has filed an Amended Civil Rights Complaint naming Correctional Officers Andrew Iweka, Jesse Johnson, Michael Fraser and Bournival and Nurse Meuller.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

1

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on June 13, 2014 at Corrigan, defendant Fraser handcuffed him and together with defendant Bournival escorted him out of North Block 5 Unit.  Defendant Bournival applied unnecessary force to the plaintiff's left wrist causing the plaintiff pain.  The plaintiff then lay down on the ground and refused to move.  Defendant Fraser sprayed the plaintiff in the face with a chemical agent.  The plaintiff got up and walked to the segregation unit.

Defendants Fraser and Bournival strip-searched the plaintiff and placed him in leg and wrist restraints that were connected by a tether chain.  The plaintiff complained to

defendants Fraser, Mueller, Iweka and Johnson that the restraints were too tight.  The defendants ignored the plaintiff's complaints and walked away.  A few minutes later, defendants Johnson and Iweka approached the plaintiff's cell to speak to him.  The plaintiff showed them that he was unable to stand upright because the restraints were too tight, but they refused to adjust the restraints.

The next morning a nurse loosened the restraints.  On June 22, 2014, a nurse examined the plaintiff and prescribed medication for his complaints of pain.

The plaintiff seeks monetary damages and declaratory relief from the defendants.  The request for monetary damages against the defendants in their official capacities is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against the defendants in their official capacities are being dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The court concludes that the allegations in the Amended Complaint state plausible claims of excessive force and

3

deliberate indifference to safety of an inmate in violation of the Eighth Amendment.  (*See Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) ("The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody.  *Farmer*, 511 U.S. at [833], 144 S.Ct. at 1976.  Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate.  *Morales v. New York State Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir. 1988).  However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.").)  These claims will proceed against the defendants in their official and individual capacities.

## ORDERS

    The court enters the following orders:

    (1)  All claims for damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The claims of excessive force and deliberate indifference to safety will proceed against the defendants in their official and individual capacities.

(2) **Because the plaintiff paid the filing fee to commence this action, he is not entitled to have service effected by the court.** The plaintiff shall effect service of the Amended Complaint on the defendants in their individual and official capacities in accordance with the requirements of Rule 4, Fed. R. Civ. P., within 60 days of the date of this order and file returns of service within 70 days of the date of this order. Failure to comply with this order will result in the dismissal of all claims against the defendants.

(3) **The Clerk shall** send the plaintiff instructions for service of the Amended Complaint, together with five blank Notice of Lawsuit and Waiver of Service of Summons forms to enable the plaintiff to serve a copy of the Amended Complaint on the defendants in their individual capacities and five blank summons forms for the plaintiff to complete and return to the Clerk for issuance to enable the plaintiff to serve a copy of the summons and Amended Complaint on each defendant in his or her official capacity using the address of the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut 06141.

(4) **The Clerk shall** send a courtesy copy of this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)  **Defendants shall** file their response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60)** days from the date the Notice of Lawsuit and Waiver of Service of Summons forms are mailed to them.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)  All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

(8)  **If the plaintiff changes his address** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court**.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS."**  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more

than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify each defendant or the attorney for that defendant, if appropriate, of his or her new address.

    It is so ordered.

    Signed this 5th day of February 2015 at Hartford, Connecticut.

                                          /s/AWT
                                 Alvin W. Thompson
                         United States District Judge